UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CIT BANK, N.A.,,

                  Plaintiff,

        -against-

CARMEN M. VALERIO, SAMUEL OJEDA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and HOGAR MORTGAGE
AND FINANCIAL SERVICE INC.,

                  Defendant.
------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
16-CV-6644 (DRH)

**HURLEY, Senior District Judge:**

      Presently before the Court are Plaintiff's objections to the Report and Recommendation of Magistrate Judge Steven I. Locke, dated October 29, 2019, (the 2019 R&R") recommending that the renewed motion[1] by plaintiff for summary judgment against Defendants Carmen M. Valerio and Samuel Ojeda ("Defendants") be denied on the ground that Plaintiff has failed to establish as a matter of law that it complied with the notice requirements of NY RPAPL §1304, which requirement is a condition precedent to commencement of a foreclosure action in New York.

      **Background**

      Plaintiff commenced this action on December 1, 2016, alleging that it is the holder and owner of a Note and Mortgage executed by Defendants on August 30, 2006 and that Defendants defaulted by failing to make the payments due January 1, 2016, and thereafter. According to Plaintiff the 90-day pre-foreclosure notice required by RPAPL § 1304 "was sent to Carmen M.

---

[1] Plaintiff's first motion for summary judgment was denied by Order dated September 5, 2018.

Valerio via first class and certified mail to 567 Bayview Avenue, Inwood, NY 11096 and Samuel Ojeda via first class and certified mail to 567 Bayview Avenue, Inwood, NY 11096. The RPAPL §1304 Notice was mailed on August 11, 2015 and listed at least five (5) housing counseling agencies. (Pl.'s 56.1 at ¶ 4.) In support of that mailing, plaintiff proffers two affidavits. With respect to the §1304 Notice, the affidavit by Caryn Edwards (the "Edwards Affidavit") states as follows:

> In compliance with RPAPL §1304, a 90 day pre-foreclosure notice ("90 Day Notice") was sent to Carmen Valerio via first class and certified mail to 567 Bayview Ave, Inwood, NY 11096-1603 which is the Property Address and Samuel Ojeda via first class and certified mail to 567 Bayview Ave, Inwood, NY 11096-1603 which is the Property Address. The 90 Day Notice was mailed on August 12, 2015 and listed at least five housing counseling agencies. A copy of the 90 Day Notice and the affiliated certified mailing receipt is attached."

(DE 52-1 at p. 10, 7 .)

The affidavit of Tenisa Brooks ("Brooks Affidavit) repeats, word for word, the same statement with respect to the 90 Notice. (*Id* at p. 7, ¶10.) Both affidavits also represent that plaintiff electronically filed the 90 day notice with the superintendent of Financial Services on August 12, 2015, as required by RPAPL § 1306(2). *Id*. at p. 7 ¶ 11 & p. 10 ¶ 8.).

The Brooks Affidavit provides the following concerning Brooks' responsibilities:

In the regular performance of my job functions, I am familiar with business records maintained by Loancare, LLC for the purpose of servicing mortgage loans and I have personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in servicer's record keeping systems. These records (which include data compilations, electronically imaged documents and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records[]and are kept in the course of business activity conducted regularly by Loancare, LLC. It is the regular practice of Loancare, LLC mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining the business records relating to the subject mortgage loan and/or confirm the information to the best of my knowledge, information and belief.

(*Id*. at p. 6 , ¶ 2.)

With respect to the mailing of the 90-day notices, the Brooks Affidavit states:

In compliance with RPAPL § 1304, a 90 day pre-foreclosure notice ("90 Day Notice") was sent to Carmen M. Valerio via first class and certified mail to 567 Bayview Ave., Inwood NY 11096-16-3 which is the Property Address and Samuel Ojeda via first class and certified mail to 567 Bayview Ave., Inwood NY 11096-16-3 which is the Property Address. The 90 Day Notice was mailed on August 12, 2015 and listed at least five (5) housing counseling agencies. A copy of the 90 Day Notice and the affiliated certified mailing receipt is attached.

(*Id*. at p. 6, ¶ 10.) Attached to the Brooks Affidavit is listing of certified mailings for March 15, 2016 and includes unspecified mailing to Carmen Valerio and Samuel Ojeda on that date. Also attached are copies of certified envelopes addressed to Carmen Valerio and Samuel Ojeda that do not appear to have a mailing date but the U. S. Postal Services' "return to sender stamp" has a date of 4/24/2016. Finally, there is what appears to be a listing of all letters sent to Valerio. It is to the listing for August 11, 2015 that references "NY BREACH LETTER" that Plaintiff directs this Court's attention to in its objections, although this was not pointed out in its original papers.

**The 2018 R&R**

In his 2018 R & R, Judge Locke recommended that plaintiff's motion for summary judgment be denied as there were questions of facts as to Plaintiff's compliance with NY RPAPL § 1304's mailing requirement. Judge Locke reasoned:

> Plaintiff's submissions fail to adequately demonstrate compliance with RPAPL § 1304's mailing requirements. Initially, CIT has not furnished any "uncontroverted United States Postal Service records," O'Sullivan, 2016 WL 2732185, at *5, such as certified mailing receipts or certificates of first-class mailing. Despite Edwards' representation that "a copy of the 90 Day Notice and the affiliated certified mailing receipt is attached," see Edwards Aff. ¶ 7, no certified mailing receipt has been provided to the Court. Rather, Plaintiff relies solely on copies of mailing labels that do not definitively establish that the 90-day notices were indeed mailed. Thus, as Plaintiff has offered no proof of mailing issued by the United States Postal Service, the Court cannot conclude that the mailing labels accompanying its motion, alone, constitute satisfactory proof of mailing under New York law.
> But even considering the mailing records together with the Edwards Affidavit, Plaintiff still has not provided sufficient evidence to trigger the presumption of mailing. As the Edwards Affidavit does not affirm that Edwards personally mailed the 90-day notice to the Mortgagors, it does not amount to "an affidavit of service of the actual mailing." <u>Guerrero</u>, 2016 WL 3453457, at *5

> (quoting *Waithe v. Citigroup, Inc.*, 42 Misc. 3d 1205(A), 983 N.Y.S.2d 207 (Sup. Ct. 2013)). Nor does Edwards name the individual that purportedly mailed the 90-day notices or describe a particular process undertaken by CIT to effectuate the mailing that was uniformly and diligently followed. *See Guerrero*, 2016 WL 3453457, at *7. Rather, the Edwards Affidavit merely "states in conclusory fashion that the affiant is familiar with the bank's business practices and includes barebones detail regarding the date the 90-Day Notice was sent to [the Mortgagors]" and, hence, "does not establish compliance with RPAPL § 1304." *Id*. at *6.

(2018 R&R at 13-14.) No objections to that R&R were filed and it was adopted by this Court by Order dated September 5, 2018.

**The 2019 R&R**

In the 2019 R & R, Judge Locke concluded that the "Brooks affidavit failed to cure any of the deficiencies the Court identified with respect to the Edwards Affidavit." He explained that Brooks did "not affirm that [she] personally mailed the 90-day notice," and did not "name the individual that purportedly mailed the 90-day notice or describe a particular process undertaken by CIT to effectuate the mailing that was uniformly and diligently followed." (2019 R&R at 14.) Judge Locke further pointed out that the business record submitted of certified mailings failed to specify the nature of what was mailed on that date and the USPS March 15, 2016 forms did not comport with the averments that the 90 day notices were sent of August 12, 2015.[2]

**The Objections are Rejected and the R & R Adopted in its Entirety**

RPAPL 1304 (1) provides, in pertinent part, that at least 90 days before a lender or a mortgage loan servicer commences a legal action against the borrower, the lender or mortgage loan servicer shall give notice to the borrower. The statute sets forth the requirements for the contents of the notice, including the number of days and dollars the mortgage is in default and

---

2. Judge Locke also concluded that Plaintiff had established each element of its prima facie foreclosure claim and has standing to bring this action. There being no objection to the foregoing portions of the 2019 R&R and the Court, having reviewed them for clear error and finding done, adopts these unobjected to portions of the 2019 R & R.

provides that the notice must be sent to the borrower by registered or certified mail, and by first-class mail, to the last known address of the borrower and, if different, the residence that is the subject of the mortgage. NY RPAPL §1304.

Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition. *HSBC Bank USA, N.A. v. Ozcan*, 154 A.D.3d 822, 825-26 (2d Dept. 2017 (citing cases).

Plaintiff's objection to Judge Locke's conclusion regarding the 90-day notice is that he "mistakenly opined the 'business record of all mail CIT sent to the [Defendants]' 'lack[ed] any reference to RPAPL § 1304,' but the August 11, 2015 item states the "NY Breach Letter" was mailed on the same date, which is identical to the date on the RPAPL notice." (Pl's Objections at 3 (brackets in original).)

As Judge Locke noted in both his R & Rs, the foregoing allegations as to mailing and filing of the 90-day notice in August 2015 are inconsistent with the claim that the default was by reason of the failure to pay the amounts due being January 1, 2016.[3] Moreover, the record relied upon does not specify how that letter was mailed and the statue requires that it be sent both certified and first class mail. And the contention in the objections that the letter was mailed on August 11, 2015 does not comport with the Brooks' affidavit which states it was mailed on August 12, 2015. Nor does the certified mailing on March 15, 2016 demonstrate that the requirements of New York law were complied with. First, the nature of that mailing is not contained in the submitted record or in the accompanying affidavit. Second, there is nothing to

---

[3] The Court notes parenthetically, that section 1304 provides that the notice need only be provided once in a twelve month period to the same borrower in connection with the same loan and the same delinquency but that should a borrower cure a delinquency but default again in the same twelve month period, the lender must provide the borrower with a new 90-day notice. NY RPAPL 1303(4).

substantiate that whatever was mailed by certified mail was also sent by first class mail. Finally, there is no competent evidence before the Court that the reference to "NY Breach Letter" refers to the letter required by RPAPL § 1304.

Having reviewed the materials submitted by Plaintiff, the Court agrees that Plaintiff has failed to sustain its burden of demonstrating compliance with RPAPL § 1304.

**ACCORDINGLY, IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment against Defendants Carmen M. Valerio and Samuel Ojeda is denied.

Dated: Central Islip, New York
January 8, 2020

   /s/ Denis R. Hurley
Denis R. Hurley
United States District Judge